## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**NELLIE BROOKS,**

     Plaintiff,

**v.**                                                    **CASE NO.:**

**WACKO'S TOO, INC. D/B/A WACKO'S
GENTLEMEN'S CLUB
A Florida Profit Corporation, THOMAS
HARVEY SHUMAN II, in his individual
capacity,**

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NELLIE BROOKS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against the Defendants, WACKO'S TOO, INC. D/B/A WACKO'S GENTLEMEN'S CLUB, a Florida Profit Corporation, and THOMAS HARVEY SHUMAN II, in his individual capacity, (hereinafter "Defendants"), and states the following:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition

that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

In 2004, the Florida legislature adopted this section of the constitution which specifically mandated that all employers shall pay employees wages no less than the minimum wage for all hours worked in Florida, including tipped employees. Fla. Const. Art X § 24(c). All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const. Art X § 24(a).

This is an action brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Constitution, Article. X § 24. Defendants violated the minimum wage and record keeping requirements of the FLSA and the Florida Constitution, Article. X § 24. Plaintiffs seek unpaid wages, including "kick-backs", liquidated damages and reasonable attorneys' fees and costs.

## **<u>PARTIES</u>**

1.     Plaintiff worked as an entertainer for the Defendant from June 2006 to February 14, 2023.

2.     Defendant, WACKO'S TOO, INC. D/B/A WACKO'S GENTLEMEN'S CLUB's principal's address in Jacksonville, Florida.

3.     Defendant, WACKO'S TOO, INC. D/B/A WACKO'S GENTLEMEN'S CLUB's is a Florida Profit Corporation and operates its business within Duval County, Florida.

4.     Defendant, THOMAS HARVEY SHUMAN II owns and operates Wacko's Gentlemen's Club, Defendant SHUMAN acted directly or indirectly on behalf of Wack's Gentlemen's Club and is an employer within the meaning of the FLSA. SHUMAN hired and fired workers at Wacko's Gentlemen's Club, scheduled workers, and set employment policies regarding their independent contractor designations.

## JURISDICTION & VENUE

5.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and the FLSA.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     Venue is proper in the Middle District of Florida, Pursuant to 28 U.S.C. § 1391(b)(1) & (c).

8.     Pursuant to Florida Statute 448.110(6), Plaintiff served a pre-suit demand letter on Defendants.  See Letter attached as Exhibit A.  More than fifteen

(15) have expired since Defendants' receipt of the letter and Defendants did not meet Plaintiff's demands.

## FLSA ENTERPRISE COVERAGE

9.     At all material times (2021-2023), Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

10.     At all material times relevant to this action (2022-2023), Defendants made gross earnings of at least $500,000.00 annually.

11.     At all material times (2021-2023), Defendants accepted payments from customers based on credit cards issued by out of state banks.

12.     At all material times (2021-2023) Defendants handled or otherwise worked with materials that have been moved in or produced for interstate commerce (i.e., telephones, computers, pens, and paper).

13.     At all times relevant to this action (2021-2023), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked.

14.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

15.     At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

16.     Plaintiff began her employment with Defendant in June 2006.

17.    Plaintiff was terminated on or around February 14, 2023.

18.    During her employment, she was paid no wages by the Defendant.

19.    Plaintiff only received tips from customers.

20.    Plaintiff worked approximately 48 hours per week.

21.    Plaintiff worked one shift per day.

22.    Defendant fined Plaintiff if Plaintiff did not behave in accordance with the policies set forth by Defendant.

23.    If Plaintiff did not work three (3) days out of the week, Defendant prohibited Plaintiff from working on the weekends.

24.    Defendant required Plaintiff to wear long gowns on Tuesdays and Thursdays.

25.    If Plaintiff broke any of the Defendant's rules, Defendant would send Plaintiff to another club as punishment.

26.    In addition to not being paid minimum wage, Plaintiff was also required to tip out approximately $150 per shift to other employees,

27.    The tips outs including payment to the Bouncer, Doorman, DJ, and Bartender.

28.    Plaintiff was also required to pay a house fee of $25 every shift.

29.    Plaintiff participated in a "tip pool" while working for Defendant.

30.    Defendant created the tip pool.

31.    Defendant required its entertainers to participate in the tip pool.

32.    Tip pools are not intended to include "non-tipped" employees.

33.     Plaintiff was required to share tips with non-tipped employees, including the Security, Doorman, DJ, and Bartender.

34.     Defendant failed to provide Plaintiff with proper notice that it would pay Plaintiff pursuant to a tip credit method.

35.     Hence, Defendant violated the terms of the tip credit and Florida Constitution's provision on minimum wages.

36.     As a result of these common policies, Plaintiff is entitled to receive $10.00 for each hour worked in 2021, $11.00 for each hour worked in 2022, and $12.00 for each hour worked in 2023 as repayment for the tip credit improperly deducted from their wages.

37.     Plaintiff is also owed reimbursement of their tips that were illegally misappropriated.

## COUNT I
## VIOLATION OF 29 U.S.C. §§ 206 AND 215

38.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 to 37 above and further asserts.

39.     Plaintiff is an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

40.     Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

41.     Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

42.     Plaintiff is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.     Defendants' requirement that Plaintiff pay fees and fines to the Club and its managers, house moms, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

44.     Plaintiff is entitled to receive all unpaid minimum wages from Defendants for the hours that she worked.

45.     Plaintiff is entitled to recover from Defendants as part of her wage loss, all fees, tip-outs and fines that they were required to pay in order to work at the Club.

46.     Defendants' violation of the FLSA was willful. In other words, Defendants knew or showed reckless disregard for the fact that their wage and "pay to work" policies violated the FLSA.

47.     As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

48.     Defendants failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

49.     Defendants violated the record keeping requirements of the FLSA.

50.     As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24**
**(Minimum Wage)**

51.     Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-8 and 16-37 as if fully incorporated herein.

52.     Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with the Defendant.

53.     Defendant willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

54.     As a direct and proximate result of the Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employment with the Defendant.

**COUNT III**
**REIMBURSEMENT OF HOUSE FEES AND TIPS**

55.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 to 37 above and further asserts.

56.     Defendants further violated the FLSA by requiring the Plaintiff to pay house fees and tip outs as a condition of employment.

57.     Defendant further violated the FLSA by requiring that Plaintiff pay a percent of all tips collected back to the club and the end of every shift worked.

58.     Defendants' house fee and tip out requirement benefitted the Defendants and caused the Plaintiff potential wages to fall well below the minimum wage.

59.     Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

60.     29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

61.     The house fees paid by the Plaintiff constitutes "illegal kickbacks" pursuant to 29 CFR § 531.35.

62.     The tip-outs paid by the Plaintiff to the Bartender, DJ, Doorman, and security constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

63.     These sums must be returned to the Plaintiff to bring Defendants' minimum wage obligations to the Plaintiff consisted with the requirements of the FLSA.

64.     Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

65.     Defendants are not entitled to a set off or tip credit for sums earned by the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a)      As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages All unpaid wages at the Florida mandated minimum wage rate;

b)      All misappropriated tips;

c)      An equal amount of all owed wages as liquidated damages;

d)      Reasonable attorney's fees, costs and expenses of this action;

e)      Declaratory relief consistent with the allegations raised above;

f)      Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 2nd day of July, 2024.

Respectfully submitted,

**_s/Annie Blanc_**
Anthony Hall, Esq.
FL Bar No.: 40924
Annie Blanc, Esq. – LEAD COUNSEL
FL Bar No.: 1005174
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: ablanc@theleachfirm.com
Email: yhernandez@theleachfirm.com

**_Attorneys for Plaintiff_**

Facsimile: (833) 813-7512

10

Email: cleach@theleachfirm.com
Email: ablanc@theleachfirm.com
Email: Aporter@theleachfirm.com

***Attorneys for Plaintiff***